Nott, J.
The act of 1799, enacts that all jucli-cial process shall be made returnable to the clerk of the court, fifteen days next before the sitting of the said court; and the question now is, whether the act means fifteen days exclusive of the day on which it is returnable, and of the first day of the court, or whether one day may be inclusive. The presiding judge on this circuit was of opinion, that one of the days might be inclusive, and decided accordingly; and a motion is now made to reverse that decision. I am of opinion, the decision was correct; it was confoi'mable to the usual rule of construction in similar cases both in England and this state, and consistent with the practice that has always prevailed under that act. I am, therefore, of opinion that the motion ought to be discharged.
Smith, J.
The copy writ was left at defendant’s residence on the 19th of October, and the court sat on the 3rd November, making but fourteen days, exclusive of the day on which the writ was served, and the first day of court. The defendant’s motion ' was to vacate the service of the writ for irregularity, *632 no£ £,ejna; returned fifteen days next before the sit-ting of the court. It appears to me to admit of Sreat doubt whether the construction contended for by the defendant, is not the correct one büt the l authority in Sellon, p. 406. will warrant a different construction; and as it is more a question of practice than of substantial justice, it is perhaps the best course to say, that the sitting day of court is to be considered as one of the fifteen: Therefore, I must be against the motion.
Grimke, J.
The question in this case is, whether
the day on which the process is served and is returnable, shall be both excluded in counting the fifteen days before the return day; for if so, then there will be in this case, but fourteen days intervening between the day of service and the day of the return. The rule of law is, that there are no fractional parts of a day, so that if process be served before twelve o’clock at night, it shall be accounted served on that day to which the twenty hours belong. If then the day on which the writ he served, is to be accounted as one of the fifteen days, it will be in time, as it will be fifteen days- next before the sitting of the court to which it is returnable. In B. R. the 4 or 8 days allowed for pleading are, one. inclusive; and the other exclusive; but in C.B. both are inclusive. 1 Sellon, 293. The time to plead under a judge’s order, is reckoned inclusive of the day of the date of the order, but exclusive of the day on which it expires : so that an order for a week’s tiine to plead, *633 ¡obtained on a Saturday expires on the morning oí the following Saturday; and in C. B. the plaintiff may sign judgment in the afternoon of that day. Sellon, 311.
Again; as to the mode of reckoning the days, the day of giving the notice is reckoned exclusive, and the sitting or commission day inclusive,. Sellon, 407. By which, it appears that according to the practice of the English courts, their mode of computation includes always one of the days ; and in C. B. which is the court that, by our law, we are directed to fob low in our proceedings, that both days are included in the ease mentioned above ; so that, if a rule to plead be given on the 7th, it is out on the 10th, and judgment may be signed on the 11th. Reasoning, therefore, from analogy, I should be of opinion that one of the days on which the process is served or returned, should be counted. But the terms of pur act, requiring that it should be fifteen days next before the sitting, precludes the return day from being counted in that number. I am, therefore, of opinion, that the day on which the process was served,must be counted as one of the fifteen days before the pitting of the court, and that the service in this case Was regular; the motion must, therefore, be dip charged.
Colcock, J. concurred.